The Honorable Wayne G. Weeks Clay County Property Appraiser Post Office Box 38 Green Cove Springs, Florida 32043-0038
Dear Mr. Weeks:
You ask substantially the following question:
May the surviving spouse of a service-connected totally and permanently disabled veteran receive the benefit offered in section 196.081, Florida Statutes, and also receive the benefit of an additional homestead exemption offered in section 196.075, Florida Statutes?
In sum:
The surviving spouse of a service-connected totally and permanently disabled veteran may receive the homestead exemption benefit offered in section 196.081, Florida Statutes, and also receive the benefit of an additional homestead exemption offered in section 196.075, Florida Statutes.
According to your letter, the Clay County Board of County Commissioners, pursuant to section 196.075, Florida Statutes, has adopted an ordinance allowing for an additional $25,000 homestead exemption for persons age 65 or older. In light of the above, you ask about the following scenario: The surviving spouse of a service-connected totally and permanently disabled veteran who is entitled to the homestead exemption offered in section 196.081, Florida Statutes, sells the property and purchases a more expensive home. The amount of the exemption granted pursuant to section 196.081 is $100,000, according to the most recent ad valorem tax roll. The new home is worth $125,000 and the surviving spouse has applied for, and is eligible to receive, the additional homestead exemption of $25,000 offered by the county pursuant to section 196.075, Florida Statutes, for persons age 65 and older. You ask whether the additional home-stead exemption offered in section 196.075 may be granted and applied to the remaining $25,000 of property value.
Section 196.081(1), Florida Statutes, provides:
"Any real estate that is owned and used as a homestead by a veteran who was honorably discharged with a service-connected total and permanent disability and for whom a letter from the United States Government or United States Department of Veterans Affairs or its predecessor has been issued certifying that the veteran is totally and permanently disabled is exempt from taxation, if the veteran is a permanent resident of this state on January 1 of the tax year for which exemption is being claimed or was a permanent resident of this state on January 1 of the year the veteran died."
Section 196.081(3), Florida Statutes, allows the surviving spouse of a permanently and totally disabled veteran to continue to claim a total exemption from ad valorem taxation on homestead property owned at the time of the veteran's death if the spouse holds legal or beneficial title to the homestead and permanently resides thereon.[1] The exemption continues until such time as the surviving spouse remarries or sells or otherwise disposes of the property. Section 196.081(3), goes on to provide that if the spouse sells the property,
"an exemption not to exceed the amount granted from the most recent ad valorem tax roll may be transferred to his or her new residence, as long as it is used as his or her primary residence and he or she does not remarry."
Thus, if the surviving spouse of a totally and permanently disabled veteran sold property that on the most recent ad valorem tax roll was granted an exemption of $100,000, that amount of exemption may be transferred to the spouse's new residence provided the spouse uses the property as his or her primary residence and does not remarry.
During the November 1998 general election, the electors of this state approved Amendment 3 to the Florida Constitution. The amendment created Article VII, section 6(f), Florida Constitution, authorizing the Legislature to allow counties and municipalities to grant an additional homestead tax exemption not exceeding $25,000 to certain persons age 65 years of age or older whose household income does not exceed a specified amount.[2]
During the 1999 legislative session, the Legislature adopted section 196.075, Florida Statutes, to implement the above constitutional amendment. The statute allows the board of county commissioners of any county or the governing authority of any municipality to grant an additional homestead exemption of up to $25,000 to resident homeowners who have legal or equitable title to the real estate, who are at least 65 years of age, and whose household income does not exceed a specified amount.[3]
Those persons entitled to the homestead exemption in section196.031, Florida Statutes, may apply for and receive an additional homestead exemption as provided in section 196.075, Florida Statutes.[4] The exemption adopted by the county or municipality applies only to taxes levied by the unit of government granting the exemption.[5]
According to your fact scenario, the surviving spouse meets the qualifications to transfer the exemption afforded by section196.081, Florida Statutes, and also qualifies for the tax exemption granted to persons age 65 or older adopted by the Clay County Board of County Commissioners pursuant to section 196.075, Florida Statutes. I am not aware of, nor have you drawn my attention to, any provision prohibiting the application of both exemptions to the homestead property when the qualifications of both statutes have been fully met. In the absence of a legislative limitation to that effect, this office will not read such a restriction into the statute.[6] The exemption afforded by Clay County pursuant to section 196.075, Florida Statutes, however, applies only to county tax levies, including those of county dependent special districts and municipal service taxing units, unless specifically exempted by the county ordinance.
Accordingly, I am of the opinion that the surviving spouse of a service-connected totally and permanently disabled veteran may receive the homestead exemption benefit offered in section196.081, Florida Statutes, and also receive the benefit of an additional homestead exemption offered in section 196.075, Florida Statutes.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Cf., s. 196.081(4)(a), Fla. Stat., which grants a total exemption for homestead property to the surviving spouse of a veteran whose death is the result of service-connected causes while on active duty even if the homestead property was not owned by a veteran at the time of his or her death from service-connected causes while on active duty so long as the veteran was a permanent resident of Florida on January 1 of the year in which he or she died.
[2] Article VII, s. 6(f), Fla. Const., provides:
"The legislature may, by general law, allow counties or municipalities, for the purpose of their respective tax levies and subject to the provisions of general law, to grant an additional homestead tax exemption not exceeding twenty-five thousand dollars to any person who has the legal or equitable title to real estate and maintains thereon the permanent residence of the owner and who has attained age sixty-five and whose household income, as defined by general law, does not exceed twenty thousand dollars. The general law must allow counties and municipalities to grant this additional exemption, within the limits prescribed in this subsection, by ordinance adopted in the manner prescribed by general law, and must provide for the periodic adjustment of the income limitation prescribed in this subsection for changes in the cost of living."
[3] Initially, household income may not exceed $20,000. See, s.196.075(2), Fla. Stat. However, s. 196.075(3), Fla. Stat., provides that:
"Beginning January 1, 2001, the $20,000 income limitation shall be adjusted annually, on January 1, by the percentage change in the average cost-of-living index in the period January 1 through December 31 of the immediate prior year compared with the same period for the year prior to that. The index is the average of the monthly consumer-price-index figures for the stated 12-month period, relative to the United States as a whole, issued by the United States Department of Labor."
And see, s. 196.075(1)(b), Fla. Stat., defining "Household income" to mean "the adjusted gross income, as defined in s. 62 of the United States Internal Revenue Code, of all members of a household."
[4] See, s. 196.031(1), Fla. Stat., providing an exemption for persons who, on January 1, have the legal title or beneficial title in equity to real property in this state and who reside thereon and in good faith make the same their permanent residence.
[5] See, s. 196.075(4)(b), Fla. Stat., which also provides that "[u]nless otherwise specified by the county or municipality, this exemption will apply to all tax levies of the county or municipality granting the exemption, including dependent special districts and municipal service taxing units."
[6] See, Op. Att'y Gen. Fla. 98-82 (1998). Cf., Chaffee v. MiamiTransfer Company, Inc., 288 So.2d 209 (Fla. 1974) (the Court has no authority to supply additional words to or modify the meaning of a duly enacted statute).